**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:26-cv-00174-JAR |
| N.B. WEST CONTRACTING COMPANY and JEFFERSON COUNTY, MISSOURI, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER REQUIRING JOINT PROPOSED SCHEDULING PLAN**

**IT IS HEREBY ORDERED** that all counsel in this matter shall be familiar with the Court's Local Rules and shall read the Administrative Procedures for Case Management/Electronic Case Filing (CM/ECF), and the undersigned's Requirements and Federal Practice Tips at www.moed.uscourts.gov.

**IT IS FURTHER ORDERED** that:

1. **Scheduling Conference**:  Upon review of the joint proposed scheduling plan described in paragraph 3 below, the Court will consider whether a Scheduling Conference is necessary or advisable prior to the issuance of a Case Management Order. **If counsel believe that a conference would be beneficial to the parties, they shall so notify the Court and one will be promptly set.**

2. **Meeting of Counsel:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:

    (a) the nature and basis of the parties' claims and defenses;

    (b) the possibilities for a prompt settlement or resolution of the case;

    (c) the formulation of a discovery plan;

(d) any issues relating to preserving discoverable information;

(e) any issues relating to disclosure or discovery of electronically stored information,

including–

(i)      the form or forms in which it should be produced;

(ii)     the topics for such discovery and the time period for which such discovery will be sought;

(iii)    the various sources of such information within a party's control that should be searched for electronically stored information;

(iv)     whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information;

(v)      the parties must ensure that their clients preserve electronic discovery materials prior to the Rule 16 Conference; and

(vi)     counsel shall address at the Rule 16 Conference (if applicable) potential electronic discovery and whether a specific agreement or order must be entered on that issue.

(f) any issues relating to claims of privilege or of protection as trial-preparation material,

including – if the parties agree on a procedure to assert such claims after production

– whether to ask the Court to include their agreement in an order; and

(g) other topics listed below or in Fed. R. Civ. P. 16 and 26(f).

Counsel will be asked to report orally on the matters discussed at this meeting if they appear before the undersigned for the scheduling conference and may specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and, suitability for Alternative Dispute Resolution. This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> joint proposed scheduling plan may be submitted in any case, and it must be signed by counsel for <u>all</u> parties. It will be the **responsibility of counsel for the Plaintiffs** to submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **<u>Joint Proposed Scheduling Plan</u>:** No later than **<u>April 30, 2026</u>**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan. **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| **<u>Track 1: Expedited</u>** | **<u>Track 2: Standard</u>** | **<u>Track 3: Complex</u>** |
|---|---|---|
| **\*Disposition w/i 12 mos of filing** | **\*Disposition w/i 18 mos of filing** | **\*Disposition w/i 24 mos of filing** |
| **\*120 days for discovery** | **\*180-240 days from R16 Conf. for discovery/dispositive motions** | **\*240-360 days from R16 Conf for discovery/dispositive motions** |

**The parties' joint proposed scheduling plan shall include:**

(a) whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Track 2 (Standard).**

(b) dates for joinder of additional parties or amendment of pleadings;

(c) a discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information;

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1);

(iv) whether discovery should be conducted in phases or limited to certain issues;

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case;

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules;

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed;

(viii) a date by which all discovery will be completed (see applicable track range, Section 3 above); and

(ix) any other matters pertinent to the completion of discovery in this case;

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) dates for the filing of any dispositive motions (see applicable track range, Section 3 above);

(f) the earliest date by which this case should reasonably be expected to be ready for trial (see applicable track range, Section 3 above);

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the joint proposed scheduling plan.

4. **Disclosure of Corporate Interests:** All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D. Mo. L.R. 2.09.

Dated this 30th day of March, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE